# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **GREG GILBERT, as Administrator of THE ESTATE OF JAMES ALLMAN, Deceased; and SONJA TODD, as Personal Representative of THE ESTATE OF BARBARA PIPER ALLMAN, Deceased,** | )<br>)<br>)<br>)   **CASE NO.**<br>)<br>)<br>) |
| **Plaintiffs,** | ) |
| v. | ) |
| **ADT ALABAMA CORP.; ALARM ONE, INC.; ADT LLC; and FICTITIOUS DEFENDANTS B through P, etc.,** | )<br>)<br>)<br>) |
| **Defendants.** | ) |

## ADT LLC'S
## NOTICE OF REMOVAL

Pursuant to 28 United States Code §§1332, 1441, and 1446, Defendant ADT LLC ("ADT"), by and through undersigned counsel, files this Notice of Removal to remove this civil action from the Circuit Court of Jefferson County, Alabama, Case No. CV 2018-900874, to the United States District Court, Northern District of Alabama, and shows unto this Honorable Court as follows:

1.  On November 16, 2018, Plaintiffs Greg Gilbert and Sonja Todd ("Plaintiffs") filed their initial Complaint in the Circuit Court of Jefferson County, Alabama, Case No. CV 2018-900874, in the civil action styled *Greg Gilbert, as*

*Administrator of The Estate of James Allman, Deceased; and Sonja Todd, as Personal Representative of The Estate of Barbara Piper Allman, Deceased v. ADT Alabama Corp. [dismissed]; Alarm One, Inc.; and Fictitious Defendants A through P* ("State Court Action"). True and correct copies of all docketed pleadings are attached hereto as **Exhibit A** and incorporated herein by reference. The Complaint brings a claim for wrongful death and seeks alleged damages arising from a fire that occurred at the residence of James and Barbara Allman ("Decedents") located at 676 McClain Road, Bessemer, Jefferson County, Alabama 35023. Pursuant to Alabama's wrongful death statute, Plaintiffs make claims of negligence, wantonness, breach of contract, breach of Alabama's Extended Manufacturers Liability Doctrine, and breach of warranty. *See* **Exhibit B**, First Amended Complaint (State Court Doc.11, pp. 11-13).

2. ADT was served with the Summons and First Amended Complaint in the State Court Action on January 31, 2019. *See* **Exhibit B** (State Court Doc. 27).

3. Plaintiffs assert a claim under Alabama's Wrongful Death Statute, claiming that ADT's alleged failure to properly monitor and respond to an alarm system at the Decedents' residence caused the Decedents' deaths.

4. Pursuant to 28 U.S.C. §1332, there is complete diversity between Plaintiffs and ADT and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This Notice of Removal is filed within thirty (30) days after receipt by ADT of the "initial pleading setting forth the claim for relief on which the aforesaid action or proceeding is based" pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), and is thus timely filed.

### DIVERSITY OF CITIZENSHIP

6. Complete diversity of citizenship exists between the parties.

7. Plaintiffs are citizens of Jefferson County, Alabama. *See* **Exhibit B**, First Amended Complaint at ¶¶ 3-4.

8. Defendant ADT is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of its members. *See Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013). ADT's sole member is ADT US Holdings, Inc., a Delaware corporation with its principal place of business located in Boca Raton, Florida. Pursuant to 28 U.S.C. §1332(c)(1), ADT US Holdings, Inc., is a citizen of Delaware and Florida. ADT is therefore a citizen of Delaware and Florida. ADT is not, and was not at the time of the filing, a citizen of the State of Alabama within the meaning of the Acts of Congress relating to the removal of actions. 28 U.S.C. §1332(c)(1).

9. On January 30, 2019, Defendant ADT Alabama Corp. was dismissed without prejudice. See **Exhibit C**, Order (State Court Doc. 23).

10. Plaintiffs also purport to sue Defendant Alarm One, Inc. ("Alarm One"), a former Alabama resident and fraudulently-joined defendant.

11. Alarm One is a former authorized dealer of ADT that assigned all rights and liabilities under the Decedents' contract with Alarm One to ADT nearly a decade before the sole injury-causing accident that is the subject of this lawsuit.

12. Not only did ADT own all alleged duties to Decedents that are the subject of Plaintiffs' lawsuit, Alarm One has been a defunct, insolvent company since 2009 and Plaintiffs therefore have no potential for recovery against Alarm One.

13. Because Alarm One is a non-existent company, Plaintiffs have not served Alarm One. Instead, they allege that Alarm One's service address is 1824 29th Avenue South, Birmingham, AL—the address of an apartment complex—and improperly assert all claims collectively against "Defendants," rather than the only company that provided Plaintiffs with alarm-monitoring services and the only proper party in interest: ADT.

14. Moreover, while Plaintiffs allege counts against several Doe defendants, the citizenship of defendants sued under fictitious names is disregarded for purposed of removal. 28 U.S.C. §1441(a).

15. Hence, complete diversity exists because ADT and Plaintiffs are citizens of different states, and ADT is the only defendant from whom Plaintiffs can potentially recover.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16. Assuming the First Amended Complaint alleges a claim for which relief can be granted, it alleges an amount which, when viewed in a light most favorable to Plaintiffs, exceeds $75,000.00 by a preponderance of the evidence.

17. Plaintiffs sue ADT under Alabama's wrongful death statute, alleging that ADT wrongfully caused the death of both Barbara and Greg Allman. *See generally* **Exhibit B**, First Amended Complaint.[1]

18. While Plaintiffs fail to expressly allege an amount-in-controversy, they allege that ADT is liable for wantonly killing two human beings, and Alabama law holds that such an allegation is facially sufficient to satisfy the amount-in-controversy threshold:

> Few things would defy common sense more completely than insisting that a suit for wantonly killing a human being, in which the damages are designed to vindicate 'the Divine concept that all human life is precious,' the plaintiff may explicitly argue 'the value of life itself,' and the jury is expected to consider 'the finality of death' in assessing damages, does not place more than $75,000 in controversy.

*Nelson v. Whirlpool Corp.,* 668 F. Supp. 2d 1368, 1375–76 (S.D. Ala. 2009)

---

[1] ADT denies it is liable in any way to Plaintiffs and accepts Plaintiffs' allegations only for the purposes of this Notice.

19. Because Plaintiffs claim ADT is liable for the wrongful death of two individuals and seek recovery under Alabama's wrongful death statute, Alabama law is clear that Plaintiffs' prayer exceeds the requisite amount in controversy by a preponderance of the evidence for purposes of diversity jurisdiction under 28 U.S.C. §1332(a).

**THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

20. A copy of this Notice of Removal is being filed with the Clerk of the Court in the State Court Action, as provided by law, and written notice of such is being sent to Plaintiffs' counsel.

21. The prerequisites for removal under 28 U.S.C. §1441 have been met.

22. The allegations of this Notice are true and correct and within the jurisdiction of this Court, and this cause is removable to this Court.

23. If any question arises as to the propriety of the removal of this action, ADT respectfully requests the opportunity to present a brief and oral argument in support of the position that this case is removable.

WHEREFORE, ADT, desiring to remove this case to the United States District Court, Northern District of Alabama, being the district and division of said Court for the county in which said action is pending, pray that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

DATED this 1st day of March, 2019.

- 7 -

        Respectfully submitted,

        /s/ Bryan A. Coleman
        John A. Earnhardt (ASB-3742-A49J)
        Bryan A. Coleman (ASB-9940-R52C)
        Carmen Chambers (9445N13U)
        ***Attorneys for Defendant ADT LLC***

**OF COUNSEL:**

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL  35203-2618
Telephone:  205-254-1000
Facsimile:  205-254-1999
jearnhardt@maynardcooper.com
bcoleman@maynardcooper.com
cchambers@maynardcooper.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of March, 2019, the foregoing was presented to the Clerk of Court for filing and uploading to the CM/ECF System, and for service upon the following counsel of record:

J. Gusty Yearout
YEAROUT & TRAYLOR, P.C.
3300 Cahaba Road, Suite 300
Birmingham, AL  35223
Telephone:  205-414-8180
Facsimile:  205-414-8199
gyearout@yearout.net

*Attorneys for Plaintiffs*
*Greg Gilbert, as Administrator for*
*The Estate of James Allman; and*
*Sonja Todd, as Personal Representative of*
*The Estate of Barbara Piper Allman*

                                              /s/ Bryan A. Coleman
                                              OF COUNSEL