FILED
2019 Mar-01  PM 03:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
11/16/2018 9:51 AM
68-CV-2018-900874.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>68-CV-2018-900874.00<br><br>Date of Filing:      Judge Code:<br>11/16/2018 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL v. ADT ALABAMA CORP. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☑ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
 Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
 Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING  A ☐ APPEAL FROM DISTRICT COURT  O ☐ OTHER
 R ☐ REMANDED  T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO  **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| TRA002 | 11/16/2018 9:51:30 AM | /s/ WILLIAM PAUL TRAYLOR III |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**  ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES ☑ NO

ELECTRONICALLY FILED
9/10/2018 9:51 AM
68-CV-2018-900874.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | | |
|---|---|---|
| GREG GILBERT, as Administrator | ) | |
| of the Estate of James Allman, deceased, | ) | |
| SONJA TODD, as Personal Representative | ) | |
| for the Estate of Barbara Piper Allman, | ) | |
| deceased, | ) | |
| | ) | |
|       Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. _____ |
| | ) | |
| ADT ALABAMA, CORP.; | ) | |
| ALARM ONE, INC.; | ) | |
| Fictitious Defendants A, B, C and D, | ) | |
| being those persons, firms or corporations | ) | |
| whose  actions, inactions, negligence, | ) | |
| wantonness and other wrongful conduct | ) | |
| which caused or contributed to the | ) | |
| Decedent's injuries, damages and death, | ) | |
| whose true names and  identities are | ) | |
| presently unknown to the Plaintiff | ) | |
| but will be substituted by amendment | ) | |
| when ascertained; Fictitious Defendants | ) | |
| E, F, G and H, whether singular or plural, | ) | |
| being those persons, firms, corporations, | ) | |
| partnerships, and/or entities that | ) | |
| manufactured, sold, distributed and/or | ) | |
| made available the products at issue in this | ) | |
| matter, whose true names and identities are | ) | |
| unknown to the plaintiff at this time but | ) | |
| will be added by amendment when | ) | |
| ascertained; Fictitious Defendants | ) | |
| I, J, K and L, being those legal entities, | ) | |
| persons, firms or corporations responsible | ) | |
| for monitoring the subject alarm system,; | ) | |
| whose true names and identities are | ) | |
| unknown to the plaintiff at this time but | ) | |
| will be added by amendment when | ) | |
| ascertained; | ) | |
| Fictitious Defendants M, N, O and P, | ) | |
| being those legal entities, persons, firms | ) | |
| or corporations who were responsible for | ) | |
| installing the subject alarm system, | ) | |
| whose true names and identities are | ) | |

unknown to the plaintiff at this time but          )
will be added by amendment when                    )
ascertained;                                        )
Fictitious Defendant Q, R, S, being that           )
person, firm or corporation responsible for        )
warning the deceased of a fire and also            )
alerting the authorities and notifying them        )
of the fire, whose true names and identities       )
are unknown to the plaintiff at this time but      )
will be added by amendment when                    )
ascertained.                                        )
                                                    )
      Defendants.                                 )

<u>COMPLAINT</u>

COMES NOW the Plaintiff, Greg Gilbert, as Administrator of the Estate of James Allman, deceased, and Sonja Todd, as personal representative of the Estate of Barbara Piper Allman, by and through their attorney, J. Gusty Yearout, and for their Complaint state as follows:

1.      Plaintiff, Greg Gilbert, brings this civil action on behalf of the Estate of James Allman, hereinafter Plaintiff, who was a consumer user of an alarm system manufactured and sold by Defendants.   As a direct and proximate cause of Defendants' negligence, Mr. Allman was caused to suffer physical injuries, including his death on March 19, 2017.

2.      Plaintiff, Sonja Todd, brings this civil action on behalf of the Estate of Barbara Piper Allman, hereinafter Plaintiff, who was a consumer user of an alarm system manufactured and sold by Defendants.   As a direct and proximate cause of Defendants' negligence, Mrs. Allman was caused to suffer physical injuries, including her death on March 19, 2017.

3.      Plaintiff, Greg Gilbert, is an adult resident of Jefferson County, Alabama and has been appointed Administrator of the Estate of James Allman by the state of Alabama.  The claims on behalf of the Estate of James Allman are brought under the Alabama Wrongful Death Statute, <u>Code of Alabama</u>, §6-5-411, et. seq.

4.      Plaintiff, Sonja Todd, is an adult resident of Jefferson County, Alabama and has been appointed personal representative of the Estate of Barbara Piper Allman by the state of Alabama.  The claims on behalf of the Estate of Barbara Piper Allman are brought under the Alabama Wrongful Death Statute, <u>Code of Alabama</u>, §6-5-411, et. seq.

5.      The Defendant, ADT ALABAMA, CORP. (hereinafter "ADT"), is a domestic corporation who was registered to do business in Alabama and was doing business in Jefferson County, Alabama at all relevant times hereto.

6.      The Defendant, Alarm One, Inc. is a domestic corporation which installs alarm systems manufactured and sold by Defendant, ADT.  The Defendant was licensed to do business in Alabama and was doing business in Jefferson County Alabama on all relevant times hereto.

7.      Fictitious Defendants A, B, C and D are those persons, firms or corporations whose actions, inactions, negligence, wantonness and other wrongful conduct caused or contributed to the injuries, damages and death, whose true names identities are presently unknown to the Plaintiffs but will be substituted by amendment when ascertained.

8.      Fictitious Defendants E, F, G and H are those persons, firms, corporations, partnerships and/or entities that manufactured, sold, distributed and/or made available the magnetic pull cord device, whose true names or identities are presently unknown to the Plaintiffs but will be substituted by amendment when ascertained.

9.      Fictitious Defendants I, J, K and L, being those legal entities, persons, firms or corporations responsible for monitoring the subject alarm system, whose true names or identities are presently unknown to the Plaintiffs but will be substituted by amendment when ascertained.

10.     Fictitious Defendants M, N, O and P, being those legal entities, persons, firms or corporations who were responsible for installing the subject alarm system whose true names or identities are presently unknown to the Plaintiffs but will be substituted by amendment when ascertained.

11.     Fictitious Defendant Q, R, S, being that person, firm or corporation responsible for warning the deceased of a fire and also alerting the authorities and notifying them of the fire.

12.     "Defendants" refers collectively to all of Defendants, named and fictitious, in this Complaint unless otherwise specified.

13.     Personal jurisdiction and subject matter jurisdiction are appropriate in this Court as to all Defendants, as all Defendants have done business in Jefferson County, Alabama, either directly or by agent, and have thus availed themselves of this jurisdiction.

<u>FACTS</u>

14.     On or about March 11, 2002, the decedents purchased an alarm system and the installation and monitoring system from the Defendants.

15.     On or about March 11, 2002, the decedents entered into a contractual relationship with the Defendants for the installation and monitoring of the above mentioned alarm system.

16.     The alarm system included burglar alarm with window sensors and glass break detectors and door sensors and a heat detector in the kitchen.

17.     The monitoring of this alarm system in the home of the decedents should have warned the decedents of any fire and notified the proper authorities so that the fire could be attended to.

18.     On or about March 11, 2002, the Defendants installed the above referenced alarm system with a warning device programmed in the system to warn the decedents of a fire and to alert the authorities of the fire.

19.     At all times relevant hereto, the decedents paid their monthly charges and were current at the time of the accident.

20.     On or about March 19, 2017 there was a fire in the kitchen of the decedents' home.  The decedents were elderly and depended on the proper operation of the alarm system particularly warning of a fire to themselves and to the authorities.

21.     At no time did the alarm system perform as it was guaranteed to perform and that is to warn the decedents of the fire and to notify authorities.

22.     As the proximate consequence of the negligence and breach of contract of the Defendants caused the death of James Allman and Barbara Piper Allman.

23.     The Defendants never called the decedents regarding the fire, nor did they notify the proper authorities about the fire, which they were contractually obligated to do as part of the monitoring agreement.

24.     The Defendants negligence and breach of contract in failing to warn the decedents and the authorities proximately caused the death of these decedents.

25.     The failure to warn the decedents of the fire and to notify the authorities of the fire and to fully protect the decedents from this catastrophy was the result of the Defendants' negligence, wantonness and breach of contract.

26.     All Fictitious Defendants, whose names are unknown to the Plaintiffs but will be added by amendment were responsible for the negligent, wanton conduct which proximately caused the death of James Allman and Barbara Allman.  Further, all Fictitious Defendants were responsible for the breach of warranty and the breach of the Alabama Extended Manufacturers Liability Doctrine.  These Fictitious Defendants will be replaced with the true and correct name once the Plaintiffs discover this information.

## COUNT ONE
### (Negligence)

27.     Plaintiffs re-allege paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28.     The Defendants are guilty of negligence in the installation, monitoring, manufacturing, marketing, testing, inspecting, furnishing, selling and distributing the alarm system in question.  The Defendants owed a duty to the decedents, James Allman and Barbara Piper Allman, to properly design, manufacture, advertise, market, test, inspect, furnish, sell, distribute and monitor the alarm system

29.     The Defendants breached their duty and were negligent in its design, marketing, advertising, manufacturing, testing, furnishing, selling, distributing and monitoring of the alarm system in question.

30.     As a direct and proximate result of the negligence, wrongful and/or wanton conduct of the Defendant ADT, James Allman and Barbara Allman suffered injuries and damages which resulted in their deaths.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, both separately and severally, in a sum to be determined by the trier of fact plus any other such relief as the Court deems appropriate.

## COUNT TWO
### (Wantonness)

31.     Plaintiffs re-allege paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.     The Defendants were wanton in the installation, manufacturing, monitoring, advertising, testing, inspecting, furnishing, selling and distribution of this alarm system.  The

Defendants failed to carry out the requirements of the contract and wantonly performed their duties as required by the contract.  This wantonness would directly result in severe damages to the decedents when it came to warning of the fire and the authorities of the fire which in fact led to the proximate cause of the decedents' deaths.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, both separately and severally, in a sum to be determined by the trier of fact plus any other such relief as the Court deems appropriate.

COUNT THREE

(Breach of Contract)

33.     Plaintiffs re-allege paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34.     The Defendants were guilty of breach of contract in the installation, manufacturing, monitoring, advertising, testing, inspecting, furnishing, selling and distribution of this alarm system.  The Defendants failed to carry out the requirements of the contract and failed to perform their duties as required by the contract.  This breach of contract would directly result in severe damages to the decedents when it came to warning the decedents of the fire and the authorities of the fire which in fact led to the proximate cause of the decedents' deaths.

35.     The breach of contract by the Defendants proximately caused the decedents' deaths.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, both separately and severally, in a sum to be determined by the trier of fact plus any other such relief as the Court deems appropriate.

COUNT FOUR

(Breach of Alabama's Extended Manufacturers Liability Doctrine)

36.     Plaintiffs re-allege paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.     At all times relevant hereto, the Defendants were engaged in the business of designing, manufacturing, advertising, marketing, testing, inspecting, furnishing, selling and distributing the alarm system in question throughout the United States, including the State of

Alabama, for the use of members of the general public.  Said Defendants, during said period of time and for said consideration, designed, manufactured, advertised, marketed, tested, inspected, furnished, sold and distributed the alarm system in question.

38.     Plaintiffs allege that the alarm system and/or its component parts left the possession and control of the Defendants were in a defective condition and were unreasonably dangerous to the decedents as the ultimate users.

39.     At all relevant times hereto, said alarm system and/or its component parts, which were in substantially the same condition as when installed, manufactured and/or distributed, was being used in a manner that was foreseeable.  The alarm system was not fit and suitable when used in its foreseeable manner, but, to the contrary was defective and unreasonably dangerous when being so used.  Said Defendant knew, or in the exercise of reasonable care, should have known that said alarm system was unreasonably dangerous when used in its foreseeable manner.  The defective condition was the proximate cause of the injuries and damages to the decedents, and rendered the Defendant liable to the Plaintiffs pursuant to the Alabama Extended Manufacturers Liability Doctrine.

40.     As a proximate consequence of the aforesaid breach of the Alabama Extended Manufacturers Liability Doctrine, the Defendants, James Allman and Barbara Allman were caused to suffer injuries and damages which resulted in their deaths.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, both separately and severally, in a sum to be determined by the trier of fact plus any other such relief as the Court deems appropriate.

<u>COUNT FIVE</u>

(Breach of Warranty)

41.     Plaintiffs re-allege paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42.     The Defendants expressly and/or impliedly warranted that the alarm system involved in the occurrence made the basis of this Complaint was reasonably fit and suitable for the purpose for which it was intended to be used.

43.     Defendants breached said express and/or implied warranties in that said alarm system was not reasonably fit and suitable for the purpose for which it was intended to be used, but, to the contrary, said alarm system was in a dangerously defective and unsafe condition.

44.    As a proximate consequence of the Defendants breach of warranty the Defendants, James Allman and Barbara Allman, suffered injuries and damages which resulted in their deaths.

45.    As a proximate consequence of the aforesaid breach of the Alabama Extended Manufacturers Liability Doctrine by the Defendants, James Allman and Barbara Allman, were caused to suffer injuries and damages which resulted in their deaths.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, both separately and severally, in a sum to be determined by the trier of fact plus any other such relief as the Court deems appropriate.

Respectfully submitted,

/s/ J. Gusty Yearout
J. Gusty Yearout (YEA 002)
Attorney for Plaintiff

OF COUNSEL:
YEAROUT & TRAYLOR, P.C.
3300 Cahaba Road, Ste. 300
Birmingham, AL  35223
(205) 414-8180
(205) 414-8199 Facsimile
gyearout@yearout.net

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

/s/ J. Gusty Yearout
Attorney for Plaintiff

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:**

ADT ALABAMA, CORP.
c/o Sang Tae Kim
323 Samford Village Court, Ste. 100
Auburn, AL  36830

ALARM ONE, INC.
c/o Clint B. Choate
1824 29th Avenue S., Ste. 206
Birmingham, AL  35209



AlaFile E-Notice

68-CV-2018-900874.00

To:  WILLIAM PAUL TRAYLOR III
     ttraylor@yearout.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following complaint was FILED on 11/16/2018 9:51:41 AM

Notice Date:     11/16/2018 9:51:41 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To:  ADT ALABAMA CORP.
     C/O SANG TAE KIM
     323SAMFORDVILLAGECT.#100
     AUBURN, AL, 36830

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following complaint was FILED on 11/16/2018 9:51:41 AM

Notice Date:      11/16/2018 9:51:41 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To:   ALARM ONE, INC.
      C/O CLINT B. CHOATE
      1824 29TH AVE.S.,#206
      BIRMINGHAM, AL, 35209

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following complaint was FILED on 11/16/2018 9:51:41 AM

Notice Date:      11/16/2018 9:51:41 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>68-CV-2018-900874.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A

**NOTICE TO:**  ADT ALABAMA CORP., C/O SANG TAE KIM 323SAMFORDVILLAGECT.#100, AUBURN, AL 36830

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), WILLIAM PAUL TRAYLOR III                                                                    ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3300 Cahaba Road, Suite 300, BIRMINGHAM, AL 35223                     .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC.

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 11/16/2018 9:51:41 AM | /s/ KAREN DUNN BURKS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ WILLIAM PAUL TRAYLOR III

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>68-CV-2018-900874.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A**

**NOTICE TO:**  ALARM ONE, INC., C/O CLINT B. CHOATE 1824 29TH AVE.S.,#206, BIRMINGHAM, AL 35209

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), WILLIAM PAUL TRAYLOR III ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3300 Cahaba Road, Suite 300, BIRMINGHAM, AL 35223 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of   GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC.

pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 11/16/2018 9:51:41 AM | /s/ KAREN DUNN BURKS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ WILLIAM PAUL TRAYLOR III

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*   *(Name of County)*

Alabama on _____ .

*(Date)*

| | | |
|---|---|---|
| _____ | _____ | *(Address of Server)* |
| *(Type of Process Server)* | *(Server's Signature)* | |
| | _____ | _____ |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 3029 7124 1178 23

United States
Postal Service

FILED IN OFFICE

DEC 21 2018

CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA

• Sender: Please print your name, address, and ZIP+4® in this box•

OFFICE OF THE CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA
P.O. BOX 1310
BESSEMER, ALABAMA 35021-1310

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ADT ALABAMA CORP.
C/O SANG TAE KIM
323 SAMFORD VILLAGE CT#100
AUBURN, AL 36830



9590 9402 3029 7124 1178 23

2. Article Number (Transfer from service label)

7014 2870 0000 2221 7858

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

CV17RI 900874
S & C/D001

RESTRICTED DELIVERY

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



AlaFile E-Notice

68-CV-2018-900874.00

Judge: DAVID J HOBDY

To:   TRAYLOR WILLIAM PAUL III
      ttraylor@yearout.net

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following matter was served on 12/18/2018

**D001 ADT ALABAMA CORP.**

**Corresponding To**

CERTIFIED MAIL

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

ELECTRONICALLY FILED
1/17/2019 3:03 PM
68-CV-2018-900874.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

GREG GILBERT, as Administrator           )
of the Estate of James Allman, deceased, )
SONJA TODD as Personal Representative    )
for the Estate of Barbara Piper Allman,  )
deceased,                                )
                                         )
     Plaintiffs,                         )
v.                                       )    **CASE NO.:**
                                         )    **68-CV-2018-900874.00**
ADT ALABAMA CORP.;                       )
ALARM ONE, INC.;                         )
Fictitious Defendants A, B, C and D,     )
being those persons, firms or corporations )
whose actions, inactions, negligence     )
wantonness and other wrongful conduct    )
which caused or contributed to the       )
Decedent's injuries, damages and death,  )
whose true names and identities are      )
presently unknown to the Plaintiff       )
but will be substituted by amendment     )
when ascertained; Fictitious Defendants  )
E, F, G and H, whether singular or plural, )
being those persons, firms, corporations, )
partnerships, and/or entities that       )
manufactured, sold, distributed and/or   )
made available the products at issue in this )
matter, whose true names and identities are )
unknown to the plaintiff at this time but )
will be added by amendment when          )
ascertained; Fictitious Defendants       )
I, J, K and L, being those legal entities, )
persons firms or corporations responsible )
for monitoring the subject alarm system, )
whose true names and identities are unknown )
to the plaintiff at this time but        )
will be added by amendment when          )
ascertained;                             )
Fictitious Defendants M, N, O and P,     )
being those legal entities, persons, firms )
or corporations who were responsible for )
installing the subject alarm system,     )
whose true names and identities are      )
unknown to the plaintiff at this time but )

will be added by amendment when )
ascertained; )
Fictitious Defendant Q, R, S, being that )
Person, firm or corporation responsible for )
warning the deceased of a fire and also )
alerting the authorities and notifying them )
of the fire, whose names and identities )
are unknown to the plaintiff at this time but )
will be added by amendment when )
ascertained, )
)
      Defendants. )

## ANSWER OF ADT ALABAMA CORP.

**COMES NOW** ADT Alabama Corp., Defendant in the above-styled cause, by and through the undersigned counsel, hereby responds to the Complaint and denies all allegations of fact, conclusions of law, or other matter contained in the Complaint, including headings and captions, not specifically admitted in this Answer:

1.      Defendant is without knowledge as to the facts alleged, which are, therefore, denied.

2.      Defendant is without knowledge as to the facts alleged, which are, therefore, denied.

3.      Defendant is without knowledge as to the facts alleged, which are, therefore, denied.

4.      Defendant is without knowledge as to the facts alleged, which are, therefore, denied.

5.      Defendant admits that ADT Alabama is an Alabama corporation. Otherwise denied.

6.      Defendant is without knowledge as to the facts alleged, which are, therefore, denied.

7.      Defendant is without knowledge as to the facts alleged, which are, therefore, denied.

8.      Defendant is without knowledge as to the facts alleged, which are, therefore, denied.

9.      Defendant is without knowledge as to the facts alleged, which are, therefore, denied.

10.     Defendant is without knowledge as to the facts alleged, which are, therefore, denied.

11.     Defendant is without knowledge as to the facts alleged, which are, therefore, denied.

12.     Paragraph 12 is a definition of a term used in Plaintiff's complaint to which no response is required. To the extent that any response is deemed required to Paragraph 12, it is denied.

13.     Defendant admits that it is subject to the personal jurisdiction of Alabama state courts. Otherwise denied.

## FACTS

14.     Denied. ADT Alabama Corp. does not, and has never, sold, installed, or monitored alarm systems of any kind. ADT Alabama Corp. has no relationship with the manufacturer and/or seller of alarm systems under the ADT brand. ADT Alabama Corp. is the Alabama subsidiary of Advanced Digital Technology Co., Ltd., a corporation headquartered in

South Korea specializing in automotive power-train test systems and related mechanical, electrical, and software technologies.

15.     Denied.

16.     Defendant is without knowledge as to the facts alleged, which are, therefore, denied.

17.     Defendant is without knowledge as to the facts alleged, which are, therefore, denied.

18.     Denied.

19.     Defendant is without knowledge as to the facts alleged, which are, therefore, denied.

20.     Defendant is without knowledge as to the facts alleged, which are, therefore, denied.

21.     Defendant is without knowledge as to the facts alleged, which are, therefore, denied.

22.     Denied. No contract or any other relationship of any kind existed between decedents and ADT Alabama Corp.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Defendant is without knowledge as to the facts alleged, which are, therefore, denied.

**COUNT ONE**
**(Negligence)**

27.      Defendant reincorporates its answers to paragraphs 1 through 26 of Plaintiffs' Complaint as if fully set forth herein.

28.      Denied.

29.      Denied.

30.      Denied.

Plaintiffs' demand for judgment is also denied.

## COUNT TWO
### (Wantonness)

31.      Defendant reincorporates its answers to paragraphs 1 through 30 of Plaintiffs' Complaint as if fully set forth herein.

32.      Denied.

Plaintiffs' demand for judgment is also denied.

## COUNT THREE
### (Breach of Contract)

33.      Defendant reincorporates its answers to paragraphs 1 through 32 of Plaintiffs' Complaint as if fully set forth herein.

34.      Denied.

35.      Denied.

Plaintiffs' demand for judgment is also denied.

## COUNT FOUR
### (Breach of Alabama's Extended Manufacturers Liability Doctrine)

36.      Defendant reincorporates its answers to paragraphs 1 through 35 of Plaintiffs' Complaint as if fully set forth herein.

37.      Denied.

38.      Denied.

39.     Denied.

40.     Denied.

Plaintiffs' demand for judgment is also denied.

## <u>COUNT FIVE</u>
## (Breach of Warranty)

41.     Defendant reincorporates its answers to paragraphs 1 through 40 of Plaintiffs'

Complaint as if fully set forth herein.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

Plaintiffs' demand for judgment is also denied.


                                Respectfully submitted,

                                /s/ Richard L. DeWeese, Jr._____
                                Richard L. DeWeese, Jr. (DEW007)
                                Yurie Yeoul Bae (BAE005)

                                *Attorneys for the Defendant ADT Alabama Corp.*

DEWEESE & BAE, LLC
8191 Seaton Pl.
Montgomery, AL 36116
Telephone:     (334) 239-7994
Email:         richard@deweesebae.com
               yurie@deweesebae.com

## CERTIFICATE OF SERVICE

     I hereby certify that on this 17th day of January 2019, I electronically filed the foregoing ANSWER OF ADT ALABAMA CORP. with the Clerk of the Court using the ALAFILE system, which will send notification of such filing to counsel of record as follows:

     J. Gusty Yearout, Esq.
     YEAROUT & TRAYLOR, P.C.
     3300 Cahaba Rd, Ste. 300
     Birmingham, AL  35223

     William P. Traylor, III, Esq.
     YEAROUT & TRAYLOR, P.C.
     3300 Cahaba Rd, Ste. 300
     Birmingham, AL  35223

     I further certify that on this same day, I have served a copy of the foregoing by placing a copy of the same in the United States mail, postage prepaid and property addressed to the following:

     ALARM ONE, INC.
     c/o Clint B. Choate
     1824  29th Ave. S.
     Ste. 206
     Birmingham, AL 35209

                        /s/ Yurie Yeoul Bae
                        Yurie Yeoul Bae (BAE005)
                        Of Counsel



AlaFile E-Notice

68-CV-2018-900874.00

To:  YURIE YEOUL BAE
     yurie@deweesebae.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following answer was FILED on 1/17/2019 3:04:28 PM

Notice Date:      1/17/2019 3:04:28 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To:  ALARM ONE, INC. (PRO SE)
     C/O CLINT B. CHOATE
     1824 29TH AVE.S.,#206
     BIRMINGHAM, AL, 35209-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following answer was FILED on 1/17/2019 3:04:28 PM

Notice Date:     1/17/2019 3:04:28 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To:  TRAYLOR WILLIAM PAUL III
     ttraylor@yearout.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following answer was FILED on 1/17/2019 3:04:28 PM

Notice Date:      1/17/2019 3:04:28 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To: DEWEESE RICHARD LEON JR.
richard@deweesebae.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following answer was FILED on 1/17/2019 3:04:28 PM

Notice Date:     1/17/2019 3:04:28 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ALARM ONE, INC.
C/O CLINT B. CHOATE
1824 29TH AVE. S.#206
BIRMINGHAM, AL 35209

CV17 / 900874
S & CI   D002

9590 9402 3029 7124 1178 16

2. Article Number (Transfer from service label)

7014 2870 0000 2221 7841

PS Form **3811**, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___red Mail
☐ ___red Mail Restricted Delivery
    (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

NEOPOST
12/13/2018
US POSTAGE $012.19

ZIP 35020
041M11274186

CERTIFIED MAIL®

7014 2870 0000 2221 7841

FILED IN OFFICE

DEC 27 2018

CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA

NSN

**KAREN DUNN BURKS**
CIRCUIT CLERK
P.O. BOX 1310
BESSEMER, ALABAMA 35021-1310





AlaFile E-Notice

68-CV-2018-900874.00

Judge: DAVID J HOBDY

To:   TRAYLOR WILLIAM PAUL III
       ttraylor@yearout.net

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following matter was not served on 1/22/2019

**D002 ALARM ONE, INC.**
**Corresponding To**
UNCLAIMED CERT MAIL

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

ELECTRONICALLY FILED
3/22/2019 4:47 PM
68-CV-2018-900874.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | |
|---|---|
| GREG GILBERT, as Administrator<br>of the Estate of James Allman, deceased,<br>SONJA TODD, as Personal Representative<br>for the Estate of Barbara Piper Allman,<br>deceased,<br><br>      Plaintiffs,<br><br>vs.<br><br>ADT ALABAMA, CORP.;<br>ALARM ONE, INC.;<br>Fictitious Defendants A, B, C and D,<br>being those persons, firms or corporations<br>whose  actions, inactions, negligence,<br>wantonness and other wrongful conduct<br>which caused or contributed to the<br>Decedent's injuries, damages and death,<br>whose true names and  identities are<br>presently unknown to the Plaintiff<br>but will be substituted by amendment<br>when ascertained; Fictitious Defendants<br>E, F, G and H, whether singular or plural,<br>being those persons, firms, corporations,<br>partnerships, and/or entities that<br>manufactured, sold, distributed and/or<br>made available the products at issue in this<br>matter, whose true names and identities are<br>unknown to the plaintiff at this time but<br>will be added by amendment when<br>ascertained; Fictitious Defendants<br>I, J, K and L, being those legal entities,<br>persons, firms or corporations responsible<br>for monitoring the subject alarm system,;<br>whose true names and identities are<br>unknown to the plaintiff at this time but<br>will be added by amendment when<br>ascertained;<br>Fictitious Defendants M, N, O and P,<br>being those legal entities, persons, firms<br>or corporations who were responsible for<br>installing the subject alarm system,<br>whose true names and identities are | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>CV 2018-900874<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

unknown to the plaintiff at this time but          )
will be added by amendment when                    )
ascertained;                                        )
Fictitious Defendant Q, R, S, being that           )
person, firm or corporation responsible for        )
warning the deceased of a fire and also            )
alerting the authorities and notifying them        )
of the fire, whose true names and identities       )
are unknown to the plaintiff at this time but      )
will be added by amendment when                    )
ascertained.                                        )
                                                    )
      Defendants.    )

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, Greg Gilbert, as Administrator of the Estate of James Allman, deceased, and Sonja Todd, as personal representative of the Estate of Barbara Piper Allman, by and through their attorney, J. Gusty Yearout, and for their Amended Complaint state as follows:

1.     Plaintiff, Greg Gilbert, brings this civil action on behalf of the Estate of James Allman, hereinafter Plaintiff, who was a consumer user of an alarm system manufactured and sold by Defendants.   As a direct and proximate cause of Defendants' negligence, Mr. Allman was caused to suffer physical injuries, including his death on March 19, 2017.

2.     Plaintiff, Sonja Todd, brings this civil action on behalf of the Estate of Barbara Piper Allman, hereinafter Plaintiff, who was a consumer user of an alarm system manufactured and sold by Defendants.   As a direct and proximate cause of Defendants' negligence, Mrs. Allman was caused to suffer physical injuries, including her death on March 19, 2017.

3.     Plaintiff, Greg Gilbert, is an adult resident of Jefferson County, Alabama and has been appointed Administrator of the Estate of James Allman by the state of Alabama.  The claims on behalf of the Estate of James Allman are brought under the Alabama Wrongful Death Statute, Code of Alabama, §6-5-411, et. seq.

4.     Plaintiff, Sonja Todd, is an adult resident of Jefferson County, Alabama and has been appointed personal representative of the Estate of Barbara Piper Allman by the state of Alabama.  The claims on behalf of the Estate of Barbara Piper Allman are brought under the Alabama Wrongful Death Statute, Code of Alabama, §6-5-411, et. seq.

**5.     The Plaintiff hereby files this Amended Complaint to add ADT, LLC in place of Fictitious Defendant A.**

**6.     The Defendant, ADT, LLC (hereinafter "ADT") is a foreign corporation with its principal place of business in Boca Raton, Florida.  The Defendant was licensed to do business in Jefferson County, Alabama and was doing business in Jefferson County, Alabama at all relevant times herein.**

7.     The Defendant, ALARM ONE, INC.  (hereinafter "ALARM ONE"), is a domestic corporation who was registered to do business in Alabama and was doing business in Jefferson County, Alabama at all relevant times hereto.

8.     Fictitious Defendants A, B, C and D are those persons, firms or corporations whose actions, inactions, negligence, wantonness and other wrongful conduct caused or contributed to the injuries, damages and death, whose true names identities are presently unknown to the Plaintiffs but will be substituted by amendment when ascertained.

9.     Fictitious Defendants E, F, G and H are those persons, firms, corporations, partnerships and/or entities that manufactured, sold, distributed and/or made available the magnetic pull cord device, whose true names or identities are presently unknown to the Plaintiffs but will be substituted by amendment when ascertained.

10.     Fictitious Defendants  I, J, K and L, being those legal entities, persons, firms or corporations responsible for monitoring the subject alarm system, whose true names or identities are presently unknown to the Plaintiffs but will be substituted by amendment when ascertained.

11.     Fictitious Defendants M, N, O and P, being those legal entities, persons, firms or corporations who were responsible for installing the subject alarm system whose true names or identities are presently unknown to the Plaintiffs but will be substituted by amendment when ascertained.

12.     Fictitious Defendant Q, R, S, being that person, firm or corporation responsible for warning the deceased of a fire and also alerting the authorities and notifying them of the fire.

13.     "Defendants" refers collectively to all of Defendants, named and fictitious, in this Complaint unless otherwise specified.

14.     Personal jurisdiction and subject matter jurisdiction are appropriate in this Court as to all Defendants, as all Defendants have done business in Jefferson County, Alabama, either directly or by agent, and have thus availed themselves of this jurisdiction.


FACTS

15.     On or about March 11, 2002, the decedents purchased an alarm system and the installation and monitoring system from the Defendants.

16.     On or about March 11, 2002, the decedents entered into a contractual relationship with the Defendants for the installation and monitoring of the above mentioned alarm system.

17.     The alarm system included burglar alarm with window sensors and glass break detectors and door sensors and a heat detector in the kitchen.

18.     The monitoring of this alarm system in the home of the decedents should have warned the decedents of any fire and notified the proper authorities so that the fire could be attended to.

19.     On or about March 11, 2002, the Defendants installed the above referenced alarm system with a warning device programmed in the system to warn the decedents of a fire and to alert the authorities of the fire.

20.     At all times relevant hereto, the decedents paid their monthly charges and were current at the time of the accident.

21.     On or about March 19, 2017 there was a fire in the kitchen of the decedents' home.  The decedents were elderly and depended on the proper operation of the alarm system particularly warning of a fire to themselves and to the authorities.

22.     At no time did the alarm system perform as it was guaranteed to perform and that is to warn the decedents of the fire and to notify authorities.

23.     As the proximate consequence of the negligence and breach of contract of the Defendants caused the death of James Allman and Barbara Piper Allman.

24.     The Defendants never called the decedents regarding the fire, nor did they notify the proper authorities about the fire, which they were contractually obligated to do as part of the monitoring agreement.

25.     The Defendants negligence and breach of contract in failing to warn the decedents and the authorities proximately caused the death of these decedents.

26.     The failure to warn the decedents of the fire and to notify the authorities of the fire and to fully protect the decedents from this catastrophy was the result of the Defendants' negligence, wantonness and breach of contract.

27.     All Fictitious Defendants, whose names are unknown to the Plaintiffs but will be added by amendment were responsible for the negligent, wanton conduct which proximately caused the death of  James Allman and Barbara Allman.  Further, all Fictitious Defendants were responsible for the breach of warranty and the breach of the Alabama Extended Manufacturers Liability Doctrine.  These Fictitious Defendants will be replaced with the true and correct name once the Plaintiffs discover this information.

<u>COUNT ONE</u>

(Negligence)

28.     Plaintiffs re-allege paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.     The Defendants are guilty of negligence in the installation, monitoring, manufacturing, marketing, testing, inspecting, furnishing, selling and distributing the alarm system in question.  The Defendants owed a duty to the decedents, James Allman and Barbara Piper Allman, to properly design, manufacture, advertise, market, test, inspect, furnish, sell, distribute and monitor the alarm system

30.     The Defendants breached their duty and were negligent in its design, marketing, advertising, manufacturing, testing, furnishing, selling, distributing and monitoring of the alarm system in question.

31.     As a direct and proximate result of the negligence, wrongful and/or wanton conduct of the Defendant ADT, James Allman and Barbara Allman suffered injuries and damages which resulted in their deaths.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, both separately and severally, in a sum to be determined by the trier of fact plus any other such relief as the Court deems appropriate.

## COUNT TWO

(Wantonness)

32.     Plaintiffs re-allege paragraphs 1 through 27 of this Complaint as if fully set forth herein.

33.     The Defendants were wanton in the installation, manufacturing, monitoring, advertising, testing, inspecting, furnishing, selling and distribution of this alarm system.  The Defendants failed to carry out the requirements of the contract and wantonly performed their duties as required by the contract.  This wantonness would directly result in severe damages to the decedents when it came to warning of the fire and the authorities of the fire which in fact led to the proximate cause of the decedents' deaths.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, both separately and severally, in a sum to be determined by the trier of fact plus any other such relief as the Court deems appropriate.

## COUNT THREE

(Breach of Contract)

34.     Plaintiffs re-allege paragraphs 1 through 27 of this Complaint as if fully set forth herein.

35.     The Defendants were guilty of breach of contract in the installation, manufacturing, monitoring, advertising, testing, inspecting, furnishing, selling and distribution of this alarm system.  The Defendants failed to carry out the requirements of the contract and failed to perform their duties as required by the contract.  This breach of contract would directly result in severe damages to the decedents when it came to warning the decedents of the fire and the authorities of the fire which in fact led to the proximate cause of the decedents' deaths.

36.     The breach of contract by the Defendants proximately caused the decedents' deaths.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, both separately and severally, in a sum to be determined by the trier of fact plus any other such relief as the Court deems appropriate.

## COUNT FOUR

(Breach of Alabama's Extended Manufacturers Liability Doctrine)

37.     Plaintiffs re-allege paragraphs 1 through 27 of this Complaint as if fully set forth herein.

38.     At all times relevant hereto, the Defendants were engaged in the business of designing, manufacturing, advertising, marketing, testing, inspecting, furnishing, selling and distributing the alarm system in question throughout the United States, including the State of Alabama, for the use of members of the general public.  Said Defendants, during said period of time and for said consideration, designed, manufactured, advertised, marketed, tested, inspected, furnished, sold and distributed the alarm system in question.

39.     Plaintiffs allege that the alarm system and/or its component parts left the possession and control of the Defendants were in a defective condition and were unreasonably dangerous to the decedents as the ultimate users.

40.     At all relevant times hereto, said alarm system and/or its component parts, which were in substantially the same condition as when installed, manufactured and/or distributed, was being used in a manner that was foreseeable.  The alarm system was not fit and suitable when used in its foreseeable manner, but, to the contrary was defective and unreasonably dangerous when being so used.  Said Defendant knew, or in the exercise of reasonable care, should have known that said alarm system was unreasonably dangerous when used in its foreseeable manner. The defective condition was the proximate cause of the injuries and damages to the decedents, and rendered the Defendant liable to the Plaintiffs pursuant to the Alabama Extended Manufacturers Liability Doctrine.

41.     As a proximate consequence of the aforesaid breach of the Alabama Extended Manufacturers Liability Doctrine, the Defendants, James Allman and Barbara Allman were caused to suffer injuries and damages which resulted in their deaths.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, both separately and severally, in a sum to be determined by the trier of fact plus any other such relief as the Court deems appropriate.

## COUNT FIVE

(Breach of Warranty)

42.     Plaintiffs re-allege paragraphs 1 through 27 of this Complaint as if fully set forth herein.

43.     The Defendants expressly and/or impliedly warranted that the alarm system involved in the occurrence made the basis of this Complaint was reasonably fit and suitable for the purpose for which it was intended to be used.

44.     Defendants breached said express and/or implied warranties in that said alarm system was not reasonably fit and suitable for the purpose for which it was intended to be used, but, to the contrary, said alarm system was in a dangerously defective and unsafe condition.

45.     As a proximate consequence of the Defendants breach of warranty the Defendants, James Allman and Barbara Allman, suffered injuries and damages which resulted in their deaths.

46.     As a proximate consequence of the aforesaid breach of the Alabama Extended Manufacturers Liability Doctrine by the Defendants, James Allman and Barbara Allman, were caused to suffer injuries and damages which resulted in their deaths.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, both separately and severally, in a sum to be determined by the trier of fact plus any other such relief as the Court deems appropriate.

Respectfully submitted,

/s/ J. Gusty Yearout
J. Gusty Yearout (YEA 002)
Attorney for Plaintiff

OF COUNSEL:
YEAROUT & TRAYLOR, P.C.
3300 Cahaba Road, Ste. 300
Birmingham, AL  35223
(205) 414-8180
(205) 414-8199 Facsimile
gyearout@yearout.net

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

/s/ J. Gusty Yearout
Attorney for Plaintiff

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:**

ADT, LLC
c/o CT Corporation Systems
2 North Jackson Street, Ste. 605
Montgomery, AL  36104

ALARM ONE, INC.
c/o Clint B. Choate
1824 29th Avenue S., Ste. 206
Birmingham, AL  35209



AlaFile E-Notice

68-CV-2018-900874.00

To:   JAMES GUSTY YEAROUT
      gyearout@yearout.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following complaint was FILED on 1/22/2019 4:48:16 PM

Notice Date:      1/22/2019 4:48:16 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To: ALARM ONE, INC. (PRO SE)
C/O CLINT B. CHOATE
1824 29TH AVE.S.,#206
BIRMINGHAM, AL, 35209-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following complaint was FILED on 1/22/2019 4:48:16 PM

Notice Date:     1/22/2019 4:48:16 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To:   ADT, LLC (PRO SE)
       C/OCT CORP SYSTEMS
       2 NORTH JACKSON ST., 605
       MONTGOMERY, AL, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following complaint was FILED on 1/22/2019 4:48:16 PM

Notice Date:      1/22/2019 4:48:16 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To:   TRAYLOR WILLIAM PAUL III
      ttraylor@yearout.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following complaint was FILED on 1/22/2019 4:48:16 PM

Notice Date:     1/22/2019 4:48:16 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To:  BAE YURIE YEOUL
     yurie@deweesebae.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following complaint was FILED on 1/22/2019 4:48:16 PM

Notice Date:    1/22/2019 4:48:16 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To:  DEWEESE RICHARD LEON JR.
richard@deweesebae.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following complaint was FILED on 1/22/2019 4:48:16 PM

Notice Date:     1/22/2019 4:48:16 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To:  ADT, LLC
     C/OCT CORP SYSTEMS
     2 NORTH JACKSON ST., 605
     MONTGOMERY, AL, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following complaint was FILED on 1/22/2019 4:48:16 PM

Notice Date:     1/22/2019 4:48:16 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>68-CV-2018-900874.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A

**NOTICE TO:**  ADT, LLC, C/OCT CORP SYSTEMS 2 NORTH JACKSON ST., 605, MONTGOMERY, AL, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JAMES GUSTY YEAROUT

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 3300 Cahaba Road, Suite 300, BIRMINGHAM, AL 35223

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ESTATE OF JAMES ALLMAN, DEC. GREG GILBERT ADMINIST

*(Name(s))*

pursuant to the Alabama Rules of the Civil Procedure.

| 1/22/2019 4:48:16 PM | /s/ KAREN DUNN BURKS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ JAMES GUSTY YEAROUT

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____     _____          _____

*(Type of Process Server)*     *(Server's Signature)*          *(Address of Server)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*

ELECTRONICALLY FILED
3/30/2019 10:54 AM
68-CV-2018-900874.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

GREG GILBERT, as Administrator )
of the Estate of James Allman, deceased, )
SONJA TODD as Personal Representative )
for the Estate of Barbara Piper Allman, )
deceased, )
                )
        Plaintiffs, )
v. )       **CASE NO.:**
                )      **68-CV-2018-900874.00**
ADT ALABAMA CORP.; )
ALARM ONE, INC.; )
Fictitious Defendants A, B, C and D, )
being those persons, firms or corporations )
whose actions, inactions, negligence )
wantonness and other wrongful conduct )
which caused or contributed to the )
Decedent's injuries, damages and death, )
whose true names and identities are )
presently unknown to the Plaintiff )
but will be substituted by amendment )
when ascertained; Fictitious Defendants )
E, F, G and H, whether singular or plural, )
being those persons, firms, corporations, )
partnerships, and/or entities that )
manufactured, sold, distributed and/or )
made available the products at issue in this )
matter, whose true names and identities are )
unknown to the plaintiff at this time but )
will be added by amendment when )
ascertained; Fictitious Defendants )
I, J, K and L, being those legal entities, )
persons firms or corporations responsible )
for monitoring the subject alarm system, )
whose true names and identities are unknown )
to the plaintiff at this time but )
will be added by amendment when )
ascertained; )
Fictitious Defendants M, N, O and P, )
being those legal entities, persons, firms )
or corporations who were responsible for )
installing the subject alarm system, )
whose true names and identities are )
unknown to the plaintiff at this time but )

will be added by amendment when )
ascertained; )
Fictitious Defendant Q, R, S, being that )
Person, firm or corporation responsible for )
warning the deceased of a fire and also )
alerting the authorities and notifying them )
of the fire, whose names and identities )
are unknown to the plaintiff at this time but )
will be added by amendment when )
ascertained, )
)
      Defendants. )

## JOINT STIPULATION OF DISMISSAL

**COME NOW** Plaintiffs Greg Gilbert and Sonja Todd and Defendant ADT Alabama Corp., by and through the undersigned counsel, and pursuant to Rule 41 of the Alabama Rules of Civil Procedure, hereby stipulate that all claims asserted, or which could have been asserted, herein by Plaintiffs against ADT Alabama Corp. be dismissed without prejudice, and each party to bear its own costs.

      Respectfully submitted this 30th day of January, 2019.

<div style="margin-left: 40%;">

/s/ J. Gusty Yearout
J. Gusty Yearout (YEA002)

*Attorney for Plaintiffs Greg Gilbert and Sonja Todd*

</div>

OF COUNSEL:
YEAROUT & TRAYLOR, P.C.
3300 Cahaba Rd, Ste. 300
Birmingham, AL  35223
(205) 414-8180
gyearout@yearout.net

<div style="margin-left: 40%;">

/s/ Yurie Yeoul Bae
Richard L. DeWeese, Jr. (DEW007)
Yurie Yeoul Bae (BAE005)

*Attorneys for Defendant ADT Alabama Corp.*

</div>

OF COUNSEL:
DEWEESE & BAE, LLC
8191 Seaton Pl.
Montgomery, AL 36116
Telephone:     (334) 239-7994
Email:          richard@deweesebae.com
                yurie@deweesebae.com

## CERTIFICATE OF SERVICE

        I hereby certify that on this 30th day of January 2019, I electronically filed the foregoing JOINT STIPULATION OF DISMISSAL with the Clerk of the Court using the ALAFILE system, which will send notification of such filing to counsel of record as follows:

        J. Gusty Yearout, Esq.
        YEAROUT & TRAYLOR, P.C.
        3300 Cahaba Rd, Ste. 300
        Birmingham, AL  35223

        William P. Traylor, III, Esq.
        YEAROUT & TRAYLOR, P.C.
        3300 Cahaba Rd, Ste. 300
        Birmingham, AL  35223

        I further certify that on this same day, I have served a copy of the foregoing by placing a copy of the same in the United States mail, postage prepaid and property addressed to the following:

        ADT, LLC
        c/o CT Corporation Systems
        2 North Jackson St
        Ste 605
        Montgomery, AL  36104

        ALARM ONE, INC.
        c/o Clint B. Choate
        1824  29th Ave. S.
        Ste. 206
        Birmingham, AL  35209

        /s/ Yurie Yeoul Bae
        Yurie Yeoul Bae (BAE005)
        Of Counsel



AlaFile E-Notice

68-CV-2018-900874.00

To: YURIE YEOUL BAE
yurie@deweesebae.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following STIPULATION OF DISMISSAL was FILED on 1/30/2019 10:55:00 AM

Notice Date:     1/30/2019 10:55:00 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To:  ALARM ONE, INC. (PRO SE)
     C/O CLINT B. CHOATE
     1824 29TH AVE.S.,#206
     BIRMINGHAM, AL, 35209-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following STIPULATION OF DISMISSAL was FILED on 1/30/2019 10:55:00 AM

Notice Date:     1/30/2019 10:55:00 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To: ADT, LLC (PRO SE)
C/OCT CORP SYSTEMS
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following STIPULATION OF DISMISSAL was FILED on 1/30/2019 10:55:00 AM

Notice Date: 1/30/2019 10:55:00 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To:   TRAYLOR WILLIAM PAUL III
      ttraylor@yearout.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following STIPULATION OF DISMISSAL was FILED on 1/30/2019 10:55:00 AM

Notice Date:     1/30/2019 10:55:00 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To:  DEWEESE RICHARD LEON JR.
     richard@deweesebae.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following STIPULATION OF DISMISSAL was FILED on 1/30/2019 10:55:00 AM

Notice Date:     1/30/2019 10:55:00 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To:  YURIE YEOUL BAE
     yurie@deweesebae.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following STIPULATION OF DISMISSAL was FILED on 1/30/2019 10:55:00 AM

Notice Date:     1/30/2019 10:55:00 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

ELECTRONICALLY FILED
1/30/2019 11:39 AM
68-CV-2018-900874.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

# STATE OF ALABAMA
**Unified Judicial System**

Revised 3/5/08

68-JEFFERSON

☐ District Court   ☑ Circuit Court

Cas[...]   CV2[...]

## CIVIL MOTION COVER SHEET

GREG GILBERT ADMINISTRATOR ESTATE OF
JAMES ALLMAN, DEC. ET AL V. ADT A

*Name of Filing Party:* D001 - ADT ALABAMA CORP.

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

YURIE YEOUL BAE
8191 SEATON PL
MONTGOMERY, AL 36116
*Attorney Bar No.:* BAE005

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $ 0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other   MOTION TO WITHDRAW DOCUMENT FILED IN ERROR |
| | pursuant to Rule 58   (Subject to Filing Fee) |

Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)

Date:
1/30/2019 11:36:51 AM

Signature of Attorney or Party
/s/ YURIE YEOUL BAE

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not based on Rule 12(b) are treated as Motions for Summary Judgment are subject to the 'no fee' for

ELECTRONICALLY FILED
3/30/2019 11:39 AM
68-CV-2018-900874.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | |
|---|---|
| GREG GILBERT, as Administrator of the Estate of James Allman, deceased, SONJA TODD as Personal Representative for the Estate of Barbara Piper Allman, deceased,<br><br>        Plaintiffs,<br><br>v.<br><br>ADT ALABAMA CORP.;<br>ALARM ONE, INC.;<br>Fictitious Defendants A, B, C and D, being those persons, firms or corporations whose actions, inactions, negligence wantonness and other wrongful conduct which caused or contributed to the Decedent's injuries, damages and death, whose true names and identities are presently unknown to the Plaintiff but will be substituted by amendment when ascertained; Fictitious Defendants E, F, G and H, whether singular or plural, being those persons, firms, corporations, partnerships, and/or entities that manufactured, sold, distributed and/or made available the products at issue in this matter, whose true names and identities are unknown to the plaintiff at this time but will be added by amendment when ascertained; Fictitious Defendants I, J, K and L, being those legal entities, persons firms or corporations responsible for monitoring the subject alarm system, whose true names and identities are unknown to the plaintiff at this time but will be added by amendment when ascertained; Fictitious Defendants M, N, O and P, being those legal entities, persons, firms or corporations who were responsible for installing the subject alarm system, whose true names and identities are unknown to the plaintiff at this time but | **CASE NO.:**<br>**68-CV-2018-900874.00** |

will be added by amendment when                     )
ascertained;                                         )
Fictitious Defendant Q, R, S, being that            )
Person, firm or corporation responsible for         )
warning the deceased of a fire and also             )
alerting the authorities and notifying them         )
of the fire, whose names and identities             )
are unknown to the plaintiff at this time but       )
will be added by amendment when                     )
ascertained,                                         )
                                                     )
        Defendants.                                  )

## MOTION TO WITHDRAW DOCUMENT FILED IN ERROR

**COMES NOW** Defendant ADT Alabama Corp., by and through the undersigned counsel,

hereby moves to withdraw the Joint Stipulation of Dismissal filed on January 30, 2019 (Doc. 14)

filed in error.

Respectfully submitted this 30th day of January, 2019.

/s/ Yurie Yeoul Bae
Richard L. DeWeese, Jr. (DEW007)
Yurie Yeoul Bae (BAE005)

*Attorneys for Defendant ADT Alabama Corp.*

OF COUNSEL:
DEWEESE & BAE, LLC
8191 Seaton Pl.
Montgomery, AL 36116
Telephone:    (334) 239-7994
Email:         richard@deweesebae.com
               yurie@deweesebae.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of January 2019, I electronically filed the foregoing with the Clerk of the Court using the ALAFILE system, which will send notification of such filing to counsel of record as follows:

J. Gusty Yearout, Esq.
YEAROUT & TRAYLOR, P.C.
3300 Cahaba Rd, Ste. 300
Birmingham, AL  35223

William P. Traylor, III, Esq.
YEAROUT & TRAYLOR, P.C.
3300 Cahaba Rd, Ste. 300
Birmingham, AL  35223



AlaFile E-Notice

68-CV-2018-900874.00

Judge: DAVID J HOBDY

To:   YURIE YEOUL BAE
      yurie@deweesebae.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following matter was FILED on 1/30/2019 11:39:48 AM

**D001 ADT ALABAMA CORP.**

MOTION TO WITHDRAW DOCUMENT FILED IN ERROR

[Filer: BAE YURIE YEOUL]

Notice Date:      1/30/2019 11:39:48 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

Judge: DAVID J HOBDY

To: ALARM ONE, INC. (PRO SE)
C/O CLINT B. CHOATE
1824 29TH AVE.S.,#206
BIRMINGHAM, AL, 35209-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following matter was FILED on 1/30/2019 11:39:48 AM

**D001 ADT ALABAMA CORP.**

MOTION TO WITHDRAW DOCUMENT FILED IN ERROR

[Filer: BAE YURIE YEOUL]

Notice Date:       1/30/2019 11:39:48 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

Judge: DAVID J HOBDY

To:   ADT, LLC (PRO SE)
      C/OCT CORP SYSTEMS
      2 NORTH JACKSON ST., 605
      MONTGOMERY, AL, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following matter was FILED on 1/30/2019 11:39:48 AM

**D001 ADT ALABAMA CORP.**

MOTION TO WITHDRAW DOCUMENT FILED IN ERROR

[Filer: BAE YURIE YEOUL]

Notice Date:      1/30/2019 11:39:48 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

Judge: DAVID J HOBDY

To:   TRAYLOR WILLIAM PAUL III
      ttraylor@yearout.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following matter was FILED on 1/30/2019 11:39:48 AM

**D001 ADT ALABAMA CORP.**

MOTION TO WITHDRAW DOCUMENT FILED IN ERROR

[Filer: BAE YURIE YEOUL]

Notice Date:      1/30/2019 11:39:48 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

Judge: DAVID J HOBDY

To:   DEWEESE RICHARD LEON JR.
       richard@deweesebae.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following matter was FILED on 1/30/2019 11:39:48 AM

**D001 ADT ALABAMA CORP.**

MOTION TO WITHDRAW DOCUMENT FILED IN ERROR

[Filer: BAE YURIE YEOUL]

Notice Date:     1/30/2019 11:39:48 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

ELECTRONICALLY FILED
11/30/2018 11:42 AM
68-CV-2018-900874.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | | |
|---|---|---|
| GREG GILBERT, as Administrator | ) | |
| of the Estate of James Allman, deceased, | ) | |
| SONJA TODD as Personal Representative | ) | |
| for the Estate of Barbara Piper Allman, | ) | |
| deceased, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | **CASE NO.:** |
| | ) | **68-CV-2018-900874.00** |
| ADT ALABAMA CORP.; | ) | |
| ALARM ONE, INC.; | ) | |
| Fictitious Defendants A, B, C and D, | ) | |
| being those persons, firms or corporations | ) | |
| whose actions, inactions, negligence | ) | |
| wantonness and other wrongful conduct | ) | |
| which caused or contributed to the | ) | |
| Decedent's injuries, damages and death, | ) | |
| whose true names and identities are | ) | |
| presently unknown to the Plaintiff | ) | |
| but will be substituted by amendment | ) | |
| when ascertained; Fictitious Defendants | ) | |
| E, F, G and H, whether singular or plural, | ) | |
| being those persons, firms, corporations, | ) | |
| partnerships, and/or entities that | ) | |
| manufactured, sold, distributed and/or | ) | |
| made available the products at issue in this | ) | |
| matter, whose true names and identities are | ) | |
| unknown to the plaintiff at this time but | ) | |
| will be added by amendment when | ) | |
| ascertained; Fictitious Defendants | ) | |
| I, J, K and L, being those legal entities, | ) | |
| persons firms or corporations responsible | ) | |
| for monitoring the subject alarm system, | ) | |
| whose true names and identities are unknown | ) | |
| to the plaintiff at this time but | ) | |
| will be added by amendment when | ) | |
| ascertained; | ) | |
| Fictitious Defendants M, N, O and P, | ) | |
| being those legal entities, persons, firms | ) | |
| or corporations who were responsible for | ) | |
| installing the subject alarm system, | ) | |
| whose true names and identities are | ) | |
| unknown to the plaintiff at this time but | ) | |

| | |
|---|---|
| will be added by amendment when | ) |
| ascertained; | ) |
| Fictitious Defendant Q, R, S, being that | ) |
| Person, firm or corporation responsible for | ) |
| warning the deceased of a fire and also | ) |
| alerting the authorities and notifying them | ) |
| of the fire, whose names and identities | ) |
| are unknown to the plaintiff at this time but | ) |
| will be added by amendment when | ) |
| ascertained, | ) |
| | ) |
|     Defendants. | ) |

## **JOINT STIPULATION OF DISMISSAL**

**COME NOW** Plaintiffs Greg Gilbert and Sonja Todd and Defendant ADT Alabama

Corp., by and through the undersigned counsel, and pursuant to Rule 41 of the Alabama Rules of

Civil Procedure, hereby stipulate that all claims asserted by Plaintiffs against ADT Alabama

Corp. be dismissed without prejudice, and each party to bear its own costs.

Respectfully submitted this 30th day of January, 2019.

/s/ J. Gusty Yearout
J. Gusty Yearout (YEA002)

*Attorney for Plaintiffs Greg Gilbert and Sonja Todd*

OF COUNSEL:
YEAROUT & TRAYLOR, P.C.
3300 Cahaba Rd, Ste. 300
Birmingham, AL  35223
(205) 414-8180
gyearout@yearout.net

/s/ Yurie Yeoul Bae
Richard L. DeWeese, Jr. (DEW007)
Yurie Yeoul Bae (BAE005)

*Attorneys for Defendant ADT Alabama Corp.*

OF COUNSEL:
DEWEESE & BAE, LLC

8191 Seaton Pl.
Montgomery, AL 36116
Telephone:    (334) 239-7994
Email:         richard@deweesebae.com
               yurie@deweesebae.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of January 2019, I electronically filed the foregoing JOINT STIPULATION OF DISMISSAL with the Clerk of the Court using the ALAFILE system, which will send notification of such filing to counsel of record as follows:

> J. Gusty Yearout, Esq.
> YEAROUT & TRAYLOR, P.C.
> 3300 Cahaba Rd, Ste. 300
> Birmingham, AL  35223

> William P. Traylor, III, Esq.
> YEAROUT & TRAYLOR, P.C.
> 3300 Cahaba Rd, Ste. 300
> Birmingham, AL  35223

I further certify that on this same day, I have served a copy of the foregoing by placing a copy of the same in the United States mail, postage prepaid and property addressed to the following:

> ADT, LLC
> c/o CT Corporation Systems
> 2 North Jackson St
> Ste 605
> Montgomery, AL  36104

> ALARM ONE, INC.
> c/o Clint B. Choate
> 1824  29th Ave. S.
> Ste. 206
> Birmingham, AL  35209

> /s/ Yurie Yeoul Bae
> Yurie Yeoul Bae (BAE005)
> Of Counsel



AlaFile E-Notice

68-CV-2018-900874.00

To: YURIE YEOUL BAE
yurie@deweesebae.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following STIPULATION OF DISMISSAL was FILED on 1/30/2019 11:42:30 AM

Notice Date:    1/30/2019 11:42:30 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To: ALARM ONE, INC. (PRO SE)
C/O CLINT B. CHOATE
1824 29TH AVE.S.,#206
BIRMINGHAM, AL, 35209-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following STIPULATION OF DISMISSAL was FILED on 1/30/2019 11:42:30 AM

Notice Date:     1/30/2019 11:42:30 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To:  ADT, LLC (PRO SE)
     C/OCT CORP SYSTEMS
     2 NORTH JACKSON ST., 605
     MONTGOMERY, AL, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following STIPULATION OF DISMISSAL was FILED on 1/30/2019 11:42:30 AM

Notice Date:     1/30/2019 11:42:30 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To: TRAYLOR WILLIAM PAUL III
ttraylor@yearout.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following STIPULATION OF DISMISSAL was FILED on 1/30/2019 11:42:30 AM

Notice Date:     1/30/2019 11:42:30 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To:  DEWEESE RICHARD LEON JR.
     richard@deweesebae.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following STIPULATION OF DISMISSAL was FILED on 1/30/2019 11:42:30 AM

Notice Date:     1/30/2019 11:42:30 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

To:   YURIE YEOUL BAE
      yurie@deweesebae.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following STIPULATION OF DISMISSAL was FILED on 1/30/2019 11:42:30 AM

Notice Date:      1/30/2019 11:42:30 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BESSEMER DIVISION**

| | | |
|---|---|---|
| ESTATE OF JAMES ALLMAN, DEC. GREG GILBERT ADMINIST, ESTATE OF BARBARA PIPER ALLMAN, DEC. SONJA TODD PE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| V. | ) ) | **Case No.:** CV-2018-900874.00 |
| ADT ALABAMA CORP., ALARM ONE, INC., ADT, LLC, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

The Court having considered the Joint Stipulation of Dismissal without prejudice as to Defendant ADT Alabama Corp. (Doc. 19), and for cause shown it is hereby ORDERED that all claims asserted by Plaintiffs Greg Gilbert and Sonja Todd against Defendant ADT Alabama Corp. are hereby dismissed without prejudice.

DONE this[To be filled by the Judge].

/s/[To be filled by the Judge]
_____

CIRCUIT JUDGE



AlaFile E-Notice

68-CV-2018-900874.00

Judge: DAVID J HOBDY

To: YURIE YEOUL BAE
yurie@deweesebae.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following matter was FILED on 1/30/2019 11:59:46 AM

[Filer: ]

Notice Date:     1/30/2019 11:59:46 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

Judge: DAVID J HOBDY

To:   ALARM ONE, INC. (PRO SE)
      C/O CLINT B. CHOATE
      1824 29TH AVE.S.,#206
      BIRMINGHAM, AL, 35209-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following matter was FILED on 1/30/2019 11:59:46 AM

[Filer: ]

Notice Date:      1/30/2019 11:59:46 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

Judge: DAVID J HOBDY

To:  ADT, LLC (PRO SE)
C/OCT CORP SYSTEMS
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following matter was FILED on 1/30/2019 11:59:46 AM

[Filer: ]

Notice Date:      1/30/2019 11:59:46 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

Judge: DAVID J HOBDY

To:  TRAYLOR WILLIAM PAUL III
     ttraylor@yearout.net

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following matter was FILED on 1/30/2019 11:59:46 AM

[Filer: ]

Notice Date:     1/30/2019 11:59:46 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

Judge: DAVID J HOBDY

To:  DEWEESE RICHARD LEON JR.
     richard@deweesebae.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following matter was FILED on 1/30/2019 11:59:46 AM

[Filer: ]

Notice Date:     1/30/2019 11:59:46 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

ELECTRONICALLY FILED
1/30/2019 12:36 PM
68-CV-2018-900874.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BESSEMER DIVISION**

| | |
|---|---|
| ESTATE OF JAMES ALLMAN, DEC. GREG GILBERT ADMINIST, ESTATE OF BARBARA PIPER ALLMAN, DEC. SONJA TODD PE, Plaintiffs, | ) ) ) ) ) ) |
| V. | ) Case No.:      CV-2018-900874.00 ) |
| ADT ALABAMA CORP., ALARM ONE, INC., ADT, LLC, Defendants. | ) ) ) ) ) |

**ORDER**

The Court having considered the Joint Stipulation of Dismissal without prejudice as to Defendant ADT Alabama Corp. (Doc. 19), and for cause shown it is hereby ORDERED that all claims asserted by Plaintiffs Greg Gilbert and Sonja Todd against Defendant ADT Alabama Corp. are hereby dismissed without prejudice.

**DONE this 30th day of January, 2019.**

**/s/ DAVID J HOBDY**
**CIRCUIT JUDGE**



AlaFile E-Notice

68-CV-2018-900874.00

Judge: DAVID J HOBDY

To:   TRAYLOR WILLIAM PAUL III
       ttraylor@yearout.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following matter was FILED on 1/30/2019 12:36:22 PM

Notice Date:       1/30/2019 12:36:22 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

Judge: DAVID J HOBDY

To:  BAE YURIE YEOUL
     yurie@deweesebae.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following matter was FILED on 1/30/2019 12:36:22 PM

Notice Date:      1/30/2019 12:36:22 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

Judge: DAVID J HOBDY

To:   DEWEESE RICHARD LEON JR.
      richard@deweesebae.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following matter was FILED on 1/30/2019 12:36:22 PM

Notice Date:      1/30/2019 12:36:22 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

Judge: DAVID J HOBDY

To:   ALARM ONE, INC. (PRO SE)
C/O CLINT B. CHOATE
1824 29TH AVE.S.,#206
BIRMINGHAM, AL, 35209-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following matter was FILED on 1/30/2019 12:36:22 PM

Notice Date:       1/30/2019 12:36:22 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2018-900874.00

Judge: DAVID J HOBDY

To:  ADT, LLC (PRO SE)
C/OCT CORP SYSTEMS
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following matter was FILED on 1/30/2019 12:36:22 PM

Notice Date:     1/30/2019 12:36:22 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



# NOTICE TO CLERK

## REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A

68-CV-2018-900874.00

To:  CLERK BESSEMER
     clerk.bessemer@alacourt.gov

TOTAL POSTAGE PAID: $24.38

Parties to be served by Certified Mail - Return Receipt Requested

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

ADT ALABAMA CORP.                                    Postage: $12.19
C/O SANG TAE KIM
323SAMFORDVILLAGECT.#100
AUBURN, AL 36830

ALARM ONE, INC.                                      Postage: $12.19
C/O CLINT B. CHOATE
1824 29TH AVE.S.,#206
BIRMINGHAM, AL 35209

Parties to be served by First Class Mail







# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A

68-CV-2018-900874.00

To:  CLERK BESSEMER
     clerk.bessemer@alacourt.gov

TOTAL POSTAGE PAID: $12.19

Parties to be served by Certified Mail - Return Receipt Requested

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

ADT, LLC                                                    Postage: $12.19
C/OCT CORP SYSTEMS
2 NORTH JACKSON ST., 605
MONTGOMERY, AL, AL 36104

Parties to be served by First Class Mail



**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ADT, LLC
C/O CT CORP SYSTEMS
2 NORTH JACKSON ST., 605
MONTGOMERY, AL 36104

9590 9402 4262 8121 0052 12

2. Article Number (Transfer from service label)

7014 2870 0000 2231 3772

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)

*Laura McHenry*

C. Date of Delivery

JAN 31 2019

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

CV18 /900874
S & C/ D003

RESTRICTED DELIVERY

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 4262 8121 0052 12

United States
Postal Service

FILED IN OFFICE

FEB 04 2019

CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA

• Sender: Please print your name, address, and ZIP+4® in this box•

OFFICE OF THE CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA
P. O. BOX 1310
BESSEMER, ALABAMA 35021-1310

21—131010



AlaFile E-Notice

68-CV-2018-900874.00

Judge: DAVID J HOBDY

To:  TRAYLOR WILLIAM PAUL III
     ttraylor@yearout.net

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following matter was served on 1/31/2019

**D003 ADT, LLC**
**Corresponding To**
CERTIFIED MAIL

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

KAREN DUNN BURKS
CIRCUIT CLERK
P.O. BOX 1310
BESSEMER, ALABAMA 35021-1310

FILED IN OFFICE

FEB 0 8 2019

CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON CO., ALA

NIXIE          352   DE  1          7202/06/19

RETURN TO SENDER
UNDELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 35021131010          *1239-07159-01-42



AlaFile E-Notice

68-CV-2018-900874.00

Judge: DAVID J HOBDY

To:  ALARM ONE, INC. (PRO SE)
     C/O CLINT B. CHOATE
     1824 29TH AVE.S.,#206
     BIRMINGHAM, AL, 35209-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GREG GILBERT ADMINISTRATOR ESTATE OF JAMES ALLMAN, DEC. ET AL V. ADT A
68-CV-2018-900874.00

The following matter was FILED on 1/30/2019 12:36:22 PM

Notice Date:     1/30/2019 12:36:22 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

ELECTRONICALLY FILED
7/30/2019 12:36 PM
68-CV-2018-900874.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BESSEMER DIVISION

| | |
|---|---|
| ESTATE OF JAMES ALLMAN, DEC. GREG GILBERT ADMINIST, ESTATE OF BARBARA PIPER ALLMAN, DEC. SONJA TODD PE, Plaintiffs, | ) ) ) ) ) ) |
| V. | ) Case No.:    CV-2018-900874.00 ) |
| ADT ALABAMA CORP., ALARM ONE, INC., ADT, LLC, Defendants. | ) ) ) ) ) |

### ORDER

The Court having considered the Joint Stipulation of Dismissal without prejudice as to Defendant ADT Alabama Corp. (Doc. 19), and for cause shown it is hereby ORDERED that all claims asserted by Plaintiffs Greg Gilbert and Sonja Todd against Defendant ADT Alabama Corp. are hereby dismissed without prejudice.

**DONE this 30th day of January, 2019.**

/s/ DAVID J HOBDY
**CIRCUIT JUDGE**